61 A.3d 148

IN THE MATTER OF LEONARD H. NIEDERMAYER, AN ATTORNEY AT LAW (ATTORNEY NO. 019311991).

March 8, 2013.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–223, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **LEONARD H. NIEDERMAYER** of **MOUNT HOLLY,** who was admitted to the bar of this State in 1991, and who has been temporarily suspended from the practice of law since October 20, 2011, should be reprimanded for violating *RPC* 1.3 (lack of dili-

gence), *RPC* 1.4(b)(failure to communicate with client), and *RPC* 8.1(b) (failure to cooperate with ethics authorities), and good cause appearing;

It is ORDERED that **LEONARD H. NIEDERMAYER** is hereby reprimanded; and it is further

ORDERED that **LEONARD H. NIEDERMAYER** shall remain suspended from the practice of law pending his compliance with the Order of this Court filed September 22, 2011 in D–10–11, and until the further Order of the Court; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.